**SO ORDERED.**

**SIGNED this 02 day of February, 2007.**



_____
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re:<br><br>**KELLY JAMES TORLINE,**<br><br>                   **DEBTOR.** | CASE NO. 05-12251<br>CHAPTER 12 |

**SUPPLEMENTAL MEMORANDUM AND ORDER FOLLOWING TRIAL ON OBJECTION TO CONFIRMATION OF DEBTOR'S THIRD AMENDED PLAN ADDRESSING RENT CLAIM OF CHILDREN'S TRUSTS**

On November 20 and 21, 2006, trial was held on objections to confirmation of the Debtor's Third Amended Chapter 12 Plan of Reorganization (hereafter "Plan"). The Debtor, Kelly James Torline (hereafter "Debtor") was present and represented by Elizabeth A. Carson of Bruce, Bruce & Lehman, LLC. Creditor Rebecca L. Barnhardt (hereinafter "Rebecca") was present and represented by J. Michael Morris of Klenda, Mitchell, Austerman & Zuercher, LLC.

The Chapter 12 Trustee, Edward J. Nazar, was also present. There were no other appearances. The Court has jurisdiction.[1]

The Plan was filed on September 8, 2006. Objections were filed by Rebecca Barnhardt, Debtor's ex-wife, and by Farmer's Sate Bank of Bucklin. Rebecca and Debtor presented exhibits and testimony. The court heard arguments of counsel. Following the submission of post-trial briefs, the Court took the matter under advisement. The Court addressed all issues other than objection to the rent claim of the Children's Trusts by Memorandum and Order Following Trial on Objection to Confirmation of Debtor's Third Amended Plan ("Order"), filed on December 22, 2006. The background facts in the Order are incorporated herein to the extent relevant. In the Order, the Court expressly reserved Debtor's objection to the rent claim, stating:

> Debtor objected to the rent claim filed by Rebecca as trustee of the Children's Trusts. At trial, Rebecca offered evidence on this claim that was not made available to the Debtor until the first day of trial. The Court allowed Debtor's counsel thirty days to review and respond to Rebecca's exhibits. Holding this order until receipt of that information would unduly delay the filing of an order resolving the primary issues between the parties. The Court therefore will address the claim of the Children's Trusts in a supplemental memorandum and order.

More than 30 days has passed, and the Court now has the matter under advisement. Debtor did not provide that Court with additional information. Based upon the trial record, the Court, for

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. The confirmation of a plan is a core proceeding which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(L). There is no objection to venue or jurisdiction over the parties.

2

the reasons stated below, allows the unsecured claim of Rebecca as trustee of the Children's Trusts in the amount of $10,800.

In 1993 agricultural land previously owned by Rebecca's father was transferred to trusts for the benefit of the Debtor's children. Rebecca is the trustee of the trusts. Debtor rented the land for $10,800 annual cash rent. Rebecca terminated the lease by proper notice, so the last year for which rent was due is 2003. A written lease was not offered or admitted into evidence. There was no testimony whether the arrangement was oral or in writing or whether there was more than one lease.

Rebecca, as trustee of the Children's Trusts, filed a proof of unsecured claim for $10,800, plus interest to date of filing. At trial, Rebecca presented an exhibit showing rent due and rent paid from 1993 through 2002, in which all payments were applied first to the oldest balance. Using this method of accounting, the commutative balance due is shown as $22,600, which Rebecca seeks to add to her claim.

Rebecca's method of crediting the rental payments treated the balance as if it were an open, running, current mutual account, for which the statute of limitations is halted by each payment. The Kansas Supreme Court has defined such accounts, as "an account usually and properly kept in writing, wherein are set down, by express or implied agreement of the parties concerned, a connected series of debit and credit entries or reciprocal charges and allowances, and where the parties intend that the individual items of the account shall not be considered independently, but as a continuation of a related series."[2] This method of crediting rents was found applicable to rent for a blacksmith shop where the lessee provided car repair services to

---

[2] *Spencer v. Sowers*, 118 Kan. 259, 261, 234 P. 972, 974 (1925).

the lessor and the parties kept a running account where the value of these services was credited against the lessee's rent and other obligations.[3] The three year statute of limitations was held to run form the last date of a credit for work performed, rather than from the separate dates on which rent was due.

There is no evidence in this case that the parties agreed to an open, running mutual account or that the lessors, the Children's Trusts, were provided any property or services which could have been credited against the rent. In the absence of such evidence, the Court concludes that the method of accounting used by Rebecca is not appropriate and that the statute of limitations for the recovery of rent accrued when the rent was due.

Application of the rental payments first to the current rent due, with any excess to the most recent past due rent, results in the past due rent being for 2003, for which Rebecca filed her proof of claim for $10,800, and for years 1999 through 1993, for which Rebecca seeks to recover by increasing her claim by $22,600. Liability for this rent accrued more than five years prepetition. The Court finds recovery is barred by either the five year or three year statute of limitations, whichever is applicable.

The Court finds that this additional claim is barred by the statute of limitations. As of the date of filing April 20, 2005, the only rent outstanding for years within either the five or the three year limitations period was for year 2003, for which the unsecured proof of claim was filed. Any amended plan filed by the Debtor must treat the claim of the Children's Trusts accordingly.

**IT IS SO ORDERED.**

### 

---

[3] *Sacher v. Paige*, 149 Kan. 662, 88 P.2d 1013 (1939).