

**SO ORDERED.**

**SIGNED this 07 day of April, 2007.**

_____
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

**KELLY JAMES TORLINE,**

                **DEBTOR.**

CASE NO. 05-12251
CHAPTER 12

**MEMORANDUM DENYING DEBTOR'S MOTION TO ALTER OR AMEND
SUPPLEMENTAL MEMORANDUM AND ORDER FOLLOWING TRIAL ON
OBJECTION TO CONFIRMATION OF DEBTOR'S THIRD AMENDED PLAN
ADDRESSING RENT CLAIM OF CHILDREN'S TRUSTS**

On April 3, 2007 the Court heard arguments on the Motion to Alter or Amend Judgment ("Motion") filed by Debtor Kelly James Torline ("Debtor"). It seeks reconsideration of the Supplemental Memorandum and Order Following Trial on Objection to Confirmation of Debtor's Third Amended Plan Addressing Rent Claim of Children's Trusts, filed on February 2, 2007 ("Order").[1] The Order held the children's trusts have a claim against the Debtor for

---

[1] The Motion (doc 235) was filed on February 5, 2007, less than 10 days after entry of the memorandum.

$10,800 for 2003 rent of farmland. Debtor appeared by Elizabeth A. Carson of Bruce, Bruce & Lehman, LLC. Rebecca L. Barnhardt ("Rebecca"), the trustee of the children's trusts, appeared by J. Michael Morris of Klenda, Mitchell, Austerman & Zuercher, LLC. There were no other appearances.

The Court first notes the legal standard when ruling on a motion for reconsideration. A motion for reconsideration filed within 10 days of a judgment is considered under Federal Rule of Civil Procedure 59(e),[2] made applicable to bankruptcy judgments by Federal Rule of Bankruptcy Procedure 9023. Leading commentators describe the grounds for relief as follows:

> Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion. However, reconsideration of the judgment after its entry is in an extraordinary remedy which should be used sparingly. . ..
> The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.[3]

In the Motion, Debtor contends that the finding that Debtor owes the children's trusts $10,800 for rent for 2003 was erroneous because the Court failed to consider evidence concerning termination of the lease in 2003, the contents of the Debtor's trial brief, and the impact of K.S.A. 58-2506. Debtor presents no new evidence, and all of his arguments could have been presented prior to entry of the Court's order. Rebecca opposes the Motion, asserting that it is supported by the evidence and consistent with the law.

---

[2] *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000).

[3] 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995).

2

The Court denies the Motion. At oral argument on the Motion, it was agreed by Debtor through his counsel that whether the Court's Order is correct is determined by whether the $10,800 rent paid by Debtor on December 31, 2002 was for the 2001-2002 rent (for crops planted in the fall of 2001 and harvested in the summer or 2002) or was for rent for the 2002-2003 crop year. An analysis of the testimony at the November trial, the affidavit of Debtor filed on December 21, 2006,[4] and Exhibit FF admitted at the trial clearly establishes that the Debtor paid his rent in arrears, after the harvest of crops planted in the preceding year, rather than in advance during the year when the crops were planted. The rent paid in December 2002 was therefore for the 2001-2002 crop year. Although no rent was paid after that date, Debtor harvested crops in the summer of 2003 that were planted in 2002. The Court's ruling that Debtor owes the children's trust rent for 2002-2003 crop year was not erroneous.

Debtor's argument that K.S.A. 58-2605 shows error in the Court's ruling is rejected. That statute establishes a termination process for farm leases when a crop is planted in one calendar year and harvested in a subsequent year. In this case, the termination letter received by Debtor on or about January 28, 2003 was for crop year 2003-2004. Neither the termination letter nor the cited statue have bearing on the rent for the crop harvested in 2003.

For the foregoing reasons, the Motion to Alter or Amend the Court's Order filed on February 2, 2007 is denied.

**IT IS SO ORDERED.**

###

---

[4] Doc. 221.