**SO ORDERED.**

**SIGNED this 13 day of April, 2007.**



_____
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re: <br><br> **KELLY JAMES TORLINE,** <br><br> DEBTOR. | CASE NO. 05-12251 <br> CHAPTER 12 |

**MEMORANDUM DENYING DEBTOR'S MOTION TO RECONSIDER OR SET ASIDE ALLOWANCE OF THAT PORTION OF THE CLAIM ATTRIBUTABLE TO THE GORDON BARNHARDT NOTE**

On April 3, 2007, the Court heard arguments on the Debtor's Motion to Reconsider or Set Aside Allowance of That Portion of the Claim Attributable to the Gordon Barnhardt Note ("Motion") filed by Debtor Kelly James Torline ("Debtor"). Debtor appeared by Elizabeth A. Carson of Bruce, Bruce & Lehman, LLC. Rebecca L. Barnhardt ("Rebecca"), the creditor, appeared by J. Michael Morris of Klenda, Mitchell, Austerman & Zuercher, LLC. There were no other appearances.

The Motion, filed on February 7, 2007, seeks reconsideration of the portion of the Memorandum and Order Following Trial on Objection to Confirmation of Debtor's Third Amended Plan ("Order") that addressed Rebecca's claim against Debtor attributable to the Gordon Barnhardt note ("Note"). The Order was filed on December 22, 2006[1] and held that Rebecca Barnhardt holds a secured claim for the principle and interest on the Note. Debtor contends that the Court's ruling was erroneous, that Debtor has no liability to Rebecca relating to the Note. Rebecca opposes the Motion.

**HISTORY OF THE COURT'S RULINGS ON THE BARNHARDT CLAIM.**

Rebecca's Proof of Claim No. 6 included $131,968 attributable to pre-divorce borrowing from Rebecca's father for the purpose of purchasing farm property used in the Debtor's farming operation. In the Property Judgment entered in the divorce proceedings between Rebecca and Debtor, Debtor was awarded the farm property and ordered to hold Rebecca harmless from the Note. Debtor objected to the Gordon Barnhardt portion, and other elements, of the proof of claim. By Memorandum and Order Addressing in Part Debtor's Objection to Claim No. 6 filed by Rebecca L. Barnhardt, filed on June 14, 2006, before trial and based upon the briefs of the parties which led the Court to conclude that both Debtor and Rebecca were parties to the Gordon Barnhardt Note, the Court held that "Rebecca's claim for indemnification with respect to the pre-divorce joint obligation to her father should be disallowed under § 502(e)(1)(B)[2] because it is

---

[1] On January 2, 2007, Debtor filed a Motion for Leave to Appeal and a Notice of Appeal to U.S. District Court. Docs. 225 and 226. Debtor's election to appeal to the district court was denied by the Bankruptcy Appellate Panel by order filed on January 2, 2007. Doc. 228. An order from the BAP dismissing the appeal was filed on January 30, 2007. Doc. 232.

[2] 11 U.S.C. § 502(e)(1). It provides:
   Notwithstanding subsection (a), (b), and (c) of this section and

2

contingent as of the time the Court is considering disallowance." The Court further stated, "[a]lthough Rebecca holds a judgment against Debtor that he shall hold her harmless from her obligation to her father on the pre-divorce note, the current nature of the judgment obligation is indemnification of a co-debtor which remains contingent until fixed by payment."

Trial on Rebecca's objection to Debtor's third amended Chapter 12 plan was held on November 20 and 21, 2006. The plan proposed zero payment to Rebecca relating to the Barnhardt Note. At trial, it was conclusively established that the Barnhardt Note was the sole obligation of Rebecca and Debtor was not a party to the Note. This rendered § 502(e)(1)[3] inapplicable because it addresses a "claim for reimbursement or contribution of an entity that is liable with the debtor on . . . the claim of a creditor." The basis for June 14 order conditionally disallowing the claim was therefor erroneous.

Upon consideration of the claim in light of the facts as established at trial, the Court in the Order filed on December 22, 2006, held that the claim related to the Note was an allowed secured claim which needed to be addressed in Debtor's plan. Debtor's Motion for reconsideration of the December 22 Order argues that the June 14 Order should be controlling and the claim therefore disallowed.

---

paragraph (2) of this subsection, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that -

\*\*\*

(B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution;

[3] 11 U.S.C. § 502(e)(1). References to the Code in the text shall be to the section only.

3

**PARTIES' POSITIONS.**

Debtor's primary argument is that the allowance of the Claim in the December 22 Order was erroneous because the Court violated the doctrine of the law of the case when it failed to adhere to the analysis stated in the Order filed on June 14, 2006. Debtor then contends that notwithstanding the new evidence adduced at the confirmation hearing that Debtor was not a party to the Note, his liability to Rebecca is nevertheless controlled by § 502(e), because the state court Property Judgment created a joint obligation to Gordon Barnhardt and Rebecca as of the time of trial had not paid the note. Rebecca responds that the law of the case doctrine does not apply, that if the doctrine is applicable it does not supercede the otherwise applicable procedures for reconsideration of claims, that the Property Judgment did not create a joint obligation as to the Note, and, if a joint obligation within the meaning of § 502(e) was created, the contingency was removed by Rebecca's payment of the Note.

**PROCEDURE APPLICABLE TO DEBTOR'S MOTION TO RECONSIDER.**

The Motion does not state the rule under which it is filed. However, since the portion of the Order in issue is the allowance of a portion of Rebecca's claim against Debtor, the Court will consider the motion as having been filed under § 502(j), that provides: "A claim which has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case . . .." Bankruptcy Rule 3008[4] implements such reconsideration. It provides: "A party in interest may move for reconsideration of an order

---

[4] Fed. R. Bankr. P. 3008. References in the text to the Federal Rules of Bankruptcy Procedure shall be to the Bankruptcy Rule number.

allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order."[5]

The Code and bankruptcy rules fail to state what standard will apply to motions to reconsider claims. Several courts have held that when the motion is filed within 10 days of the order allowing or denying the claim, the standard of Bankruptcy Rule 9023, which incorporates Federal Rule 59,[6] will apply, but, as to motions filed outside the 10 days, the standards of Bankruptcy Rule 9024, which incorporates Federal Rule 60, will control.[7] This standard has been applied in the Tenth Circuit.[8] In this case, where the party seeking reconsideration participated in the trial where the claim was allowed, these standards are appropriate and will be adopted.[9] Because the Motion was filed on February 7, 2007, more than 10 days after entry of the Order of December 22, 2006, the standards of Federal Rule 60(b) apply. The rule provides as follows:

---

[5] *Id.*

[6] Fed. R. Civ. P. 59. References to the Federal Rules of Civil Procedure shall be to Federal Rule number only.

[7] Bruce H. White and Maria H. Belfield, *What Standards Govern Motions to Reconsider Orders Allowing or Disallowing Claims?* 17 Am. Bankr. Inst. J. 22 (June 1998).

[8] *Haggart Group v. Frontier Airlines, Inc. (In re Frontier Airlines, Inc.)*, 137 B.R. 808, 810 (D. Colo. 1992), *citing S.G. Wilson Co. v. Cleanmaster Indus., Inc. (In re Cleanmaster Indus., Inc.),* 106 B.R. 628, 660 (9th Cir. BAP 1989).

[9] *Colley v. Nat'l Bank of Texas (In re Colley)*, 814 F.2d 1008, 1010 (5th Cir. 1987) (holding that when a proof of claim has in fact been litigated between parties, the litigants must seek reconsideration of the bankruptcy court's determination pursuant to Rule 60 standards if they elect not to pursue a timely appeal of the original order allowing or disallowing the claim).

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The grounds enumerated in subsections 1 through 5 are not obscure. Ground 6, any other reason justifying relief from operation of the judgment, is reserved for cases "involving extraordinary circumstances and only when such action is necessary to accomplish justice."[10] A rehash of arguments presented when opposing the allowance of the claim are not sufficient. For example, in *In re Colley*,[11] where a motion to reconsider allowance of a creditor's proof of claim did not explicitly allege fraud, mistake, inexcusable neglect or any of the other matters enumerated in Rule 60, but simply rehashed original objections, the bankruptcy court did not abuse its discretion in denying the motion as it did not even generally assert "cause" within the meaning of § 502(j).

Section 502(j) and Bankruptcy Rule 3008 contemplate a two step procedure before an order allowing or disallowing a claim will be vacated or modified.[12] First, the court determines

---

[10] *State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1080 (10th Cir. 1996), quoting *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993).

[11] *Colley v. Nat'l Bank of Texas (In re Colley)*, 814 F.2d at 1010.

[12] See 4 *Collier on Bankruptcy* ¶ 502.11[4] (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 15th ed. rev. 2006).

6

whether to grant the motion to reconsider the claim. Second, if a motion to reconsider a claim pursuant to § 502(j) is granted, the court "after hearing on notice shall enter an appropriate order."[13] If the motion to reconsider is insufficient, it follows that the allowance or disallowance of the claim should not be reconsidered or modified. Further, when as here, the grounds alleged for modification of the order of allowance are legal and not based upon the proffer of new evidence, the Court can preliminarily evaluate the merits of the position based upon the motion.

## ANALYSIS.

### A. Debtor has not alleged cause for relief from allowance of the claim.

The Court finds that Debtor has not established any basis for reconsideration of allowance of the claim for cause under § 502(j). Neither the Motion nor the arguments in support allege or evidence mistake, the existence of newly discovered evidence, allegations of fraud, that the December Order is void, or that the judgment has been satisfied or it is otherwise inequitable that it have prospective relief. This leaves for consideration only the possibility that the arguments constitute grounds for relief as "any other reason justifying relief." But, as stated above, this ground requires extraordinary circumstances. Debtor's arguments allege error by the Court, but show no extraordinary circumstance. Debtor's motion was filed after his appeal from the December 22 Order was denied, and the arguments presented are those that one would expect to be presented to an appellate court. A motion to reconsider allowance of a claim filed more that 10 days after the order cannot be a allowed as a substitute for an appeal. Debtor's Motion is denied, and no hearing on the merits of the allowance of the claim will be held.

---

[13] Fed. R. Bankr. P. 3008.

7

Case 05-12251    Doc# 274    Filed 04/13/07    Page 7 of 12

**B. If the merits of Debtor's allegations were to be considered, the Court based upon the arguments presented in the motion would reaffirm its ruling allowing the claim.**

**1. The law of the case doctrine did not bar the Court from changing its analysis.**

The Supreme Court has said that "every order short of a final decree is subject to reopening at the discretion of the district judge."[14] The Tenth Circuit states that "[o]nly final judgments may qualify as law of the case; when a ruling remains subject to reconsideration, the doctrine is inapplicable."[15] This policy is reflected in Federal Rule 54(b), that provides that until the court expressly directs entry of a final judgment, an order that resolves fewer than all of the claims among all of the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."[16] "A lower court's ability to depart from its own prior decisions is discretionary."[17] It has been recognized that when "a lower court is convinced that an interlocutory ruling it has made is substantially erroneous, the only sensible thing to do is to set itself right to avoid subsequent reversal."[18]

The June 14 Order was not a final judgment subject to the law of the case doctrine. No judgment was entered under Bankruptcy Rule 9021, which incorporates Federal Rule 58. The Order expressly addressed fewer than all of Debtor's objections to Rebecca's proof of claim, but

---

[14] *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983).

[15] *Unioil v. H.E. Elledge (In re Unioil, Inc.)*, 962 F.2d 988, 993 (10th Cir. 1992):

[16] Fed. R. Civ. P. 54(b).

[17] *Allison v. Bank One-Denver*, 289 F.3d 1223, 1247 (10th Cir. 2002).

[18] *In re Unioil, Inc.*, 963 F.2d at 993, *quoting Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981). Most of the cases cited by Debtor concern the law of the case doctrine as applied to the limitation on the authority of a lower court to depart from a ruling made by a court of higher status. *E.g., In re Arleaux*, 229 B.R. 182 (8th Cir. BAP 1999); *In re Buckner,* 218 B.R. 137 (10th Cir BAP 1998).

8

no Federal Rule 54(b) finding that judgment should be entered on fewer than all claims was entered. Even as to the portion of the objection to the proof of claim relating to the Note, the Order stated that the denial of the claim was not final, as it was "without prejudice to Rebecca's right to seek allowance of the claim under § 502(e)(2) if her right to payment from the Debtor becomes fixed during the pendency of this case."

Moreover, the Court's deviation from the June 14 Order was necessary because the factual premise of that Order was shown to be in error at the trial on the objection to confirmation. When making the findings in the June 14 Order, the Court relied upon the briefs of the parties as to the controlling facts. Those briefs included the statement from Debtor's counsel that the "Gordon Barnhardt had a promissory note with Kelly [Debtor] and Rebecca for $131,968.00 which Kelly was ordered to pay . . .."[19] Because the Note was represented to be a joint obligation of Debtor and Rebecca, the Court found that § 502(e)(2) controlled, as it applies to claims for "reimbursement or contribution of an entity that is liable with the debtor on, or has secured, the claim of a creditor."[20]

Before trial on the objection to confirmation, Rebecca's trial brief informed the Court and Debtor's counsel that this factual premise was erroneous, only Rebecca was a party to the Note.[21] A copy of the Note was provided prior to trial and admitted as an exhibit at trial; it bore the signature of Rebecca, but not Debtor. Debtor's supplemental pretrial brief filed after the hearing, recognized that his previous position was erroneous and stated, "Prior to the [divorce

---

[19] Doc. 147.

[20] Doc. 162.

[21] Doc. 200.

9

court's] order, Kelly had no independent obligation to Robert Barnhardt for the monies used for the purchase of the property."[22]

Although Debtor contends he relied upon the June 14 Order and is prejudiced by the change in analysis, the Court finds no prejudice. Before the confirmation trial, Debtor had been provided a copy of the Note and was informed of Rebecca's argument that the June 14 Order should be revised. Debtor's trial evidence addressed his defense to the Gordon Barnhardt Note that the transfer was a gift, not a loan. Debtor shows no detrimental reliance on the June Order. The prejudice of which Debtor complains is the finding adverse to Debtor that the claim is allowed; entry of an adverse ruling is not the type of prejudice which prohibits reconsideration. It would have been illogical for the Court to adhere to its June Order when the facts were established to be materially different from those required to sustain the June Order. Accordingly, following the confirmation trial the Court made new findings as to the Debtor's liability to Rebecca arising from the Note.

**2. Rebecca holds an allowed claim arising from the Note.**

During the marriage of Debtor and Rebecca, funds were borrowed by Rebecca from Gordon Barnhardt and Citizen's State Bank to finance the purchase of 240 acres north of Bucklin. The Property Judgment awarded the 240 acres to Debtor and provided the bank note and the Gordon Barnhardt Note were the sole and separate obligations of Debtor, from which he was to hold Rebecca harmless. Because there was not at the time of the judgment a creditor/debtor relationship between Debtor and the bank or Gordon Barnhardt, this Court construed the judgment that Debtor be solely liable as being effectuated by a money judgment in

---

[22] Doc. 214.

Case 05-12251    Doc# 274    Filed 04/13/07    Page 10 of 12

favor of Rebecca in the amount of the Note and the bank loan, coupled with the hold harmless provision.

The Court expressly rejects Debtor's contention that the Property Judgment created a judgment against Debtor in favor of Gordon Barnhardt, thereby creating a joint obligation to replace the Note.[23] The Property Judgment divided assets and liabilities upon termination of the marriage, nothing more. Gordon Barnhardt was not a party. Debtor points to no language in the Property Judgment creating a direct obligation from Debtor to Gordon Barnhardt; at most he shows that such a judgment would be permissible.[24]

Subject to enumerated exceptions, § 502(b)(1), which addresses allowance of claims or interests, provides that claims will be allowed unless "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."[25] Rebecca's claim is for enforcement of the divorce court's Property Judgment. Such claims are generally allowed, and Debtor has shown no reason why the judgment is not enforceable. Debtor's factual defense to enforcement of the judgment rests on the family relationship between Rebecca and Gordon. At trial, Debtor contended that the transaction between Gordon and Rebecca was a gift, but there is no evidence

---

[23] The Property Judgment uses the same language with respect to the Barnhardt Note and the related bank note. Debtor does not seek reconsideration of the Court's allowance of the portion of Rebecca's claim arising from the bank note.

[24] Debtor cites K.S.A. 60-264, which is patterned after Fed. Rule of Civ. P. 71. It is an obscure and seldom used rule which provides that when a court enters an order in favor of a non-party, that person may enforce the judgment. An example is the issuance of a writ of assistance for the purchaser at a foreclosure sale. *Simon v. Bazzano*, 250 Kan. 673, 674-75, 829 P.2d 576, 577 (1992).

[25] 11 U.S.C. § 502 (b)(1).

11

to support this position. The divorce court treated the Gordon Barnhardt Note in the same manner as the loans from commercial banks. After the original November 6, 2000 Note matured, Rebecca executed a renewal note, due on November 17, 2007, for the amount of the original Note, plus accrued finance charges. At trial Rebecca testified that Gordon Barnhardt expected to be paid. The Court found the evidence rebutted a presumption of gift, if indeed such a presumption arose. The only statutory exception to allowance cited by Debtor is § 502(e)(1), applicable to claims "for reimbursement or contribution of an entity that is liable with the debtor on a . . . claim of a creditor."[26] As examined above, this exception does not apply. The Debtor was not a party to the Gordon Barnhardt note, and the Property Judgment did not create a joint liability to Gordon Barnhardt. The judgment was a post-divorce judgment allocating assets and liabilities between Rebecca and Debtor; Debtor may regard the allocation to be unjust, but that is not a basis to disallow the claim.

**CONCLUSION.**

For the foregoing reasons, the Court denies the Debtor's Motion to Reconsider or Set Aside Allowance of That Portion of the Claim Attributable to the Gordon Barnhardt Note. Debtor has not alleged cause for reconsideration as required by § 502(j). Further, if cause were shown, Debtor arguments on the merits do not establish that allowance of the claim was erroneous.

**IT IS SO ORDERED.**

###

---

[26] 11 U.S.C. § 502(e)(1).